The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| ) | CHAPTER 13 |
| In re: ) | |
| ) | CASE NO. 11-60855 |
| MICHAEL STEVEN SIGMAN and ) | |
| JENNIFER REBECCA SIGMAN, ) | JUDGE RUSS KENDIG |
| ) | |
| ) | **MEMORANDUM OF OPINION** |
| Debtors. ) | **(NOT FOR PUBLICATION)** |
| ) | |
| ) | |
| In re: ) | CHAPTER 13 |
| ) | |
| CHARLES HENRY KEGLEY and ) | CASE NO. 11-61884 |
| MICHELE DAWN KEGLEY, ) | |
| ) | JUDGE RUSS KENDIG |
| Debtors. ) | |
| ) | **MEMORANDUM OF OPINION** |
| ) | **(NOT FOR PUBLICATION)** |

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

# FACTS

### A. The Sigmans' Case

On March 21, 2011, Michael and Jennifer Sigman ("Sigmans") filed their chapter 13 plan ("plan"). On August 19, 2011, the chapter 13 trustee ("Trustee") filed an objection to confirmation of the Sigmans' plan asserting that it failed to comply with §§ 1325(a)(1) and 1322(b)(1) because it proposed to pay secured creditors a lower interest rate than allowed pursuant to the applicable case law.

Specifically, the Trustee objects to the plan's proposal to pay Santander Consumer USA Inc. ("Santander"), holder of claim no. 5-1 which is secured by a 2006 Ford F150, 5.00% in interest when Santander's claim asserts interest of 18.99%. The Trustee asserts that pursuant to the court's opinion in In re Dimery, No. 11-60142 (Bankr. N.D. Ohio June 20, 2011), the interest rate for Santander should be the national prime rate plus a risk adjustment factor of 2%. On September 7, 2011, the court held a hearing on the matter and allowed the Sigmans additional time to brief the matter.

On September 14, 2011, the Sigmans filed a brief in support of their position that the interest rate proposed in the plan to pay Santander complies with the applicable case law. The Sigmans argue that since Santander did not object to the plan, there is no basis to deny confirmation, and the plan should be confirmed as proposed. Further, notwithstanding the Trustee's objection to the plan, the 5.00% interest rate proposed in the plan is within the parameters set forth by the Supreme Court in Till v. SCS Credit Corp., 541 U.S. 465 (2004) (plurality opinion) and, therefore, the plan should be confirmed over the Trustee's objection.

### B. The Kegleys' Case

On August 17, 2011, Charles and Michele Kegley ("Kegleys") filed their amended chapter 13 plan ("amended plan"). On August 19, 2011, the Trustee filed an objection to confirmation of the Kegleys' amended plan.

Like the Sigmans' case, the Trustee objects to the provision in the Kegleys' amended plan to pay Community One Credit Union of Ohio, Inc. ("Community One") 5.00% in interest when its claim asserts interest in the amount of 14.99%. Community One's claim, no. 5-1, is cross-collateralized and secured by a 2000 Ford Expedition, a 2008 Harley Davidson, a 2007 Ford Edge, and share/deposit accounts.

The court held a hearing on September 7, 2011 on the matter and heard argument from the Trustee and counsel for the Kegleys regarding the interest rate proposed in the amended plan for secured creditors. The court allowed the Kegleys additional time to brief the matter.

The Kegleys filed a brief in support of their position on September 14, 2011. In their brief, the Kegleys assert namely that Community One did not object to the amended plan and, absent an objection from Community One, the amended plan should be confirmed. Additionally, the proposed interest rate of 5.00% is in accordance with Till. Therefore, the Trustee's objection should be denied and the amended plan should be confirmed.

## LAW AND ARGUMENT

Section 1325(a)(5)(B)(ii) of Title 11 provides that the holder of a secured claim is entitled to receive a distribution of not less than the value of its allowed claim, which includes the right to receive interest to account for both the time value of money and the risk of nonpayment. In re Dimery, No. 11-60142, at 2 (Bankr. N.D. Ohio June 20, 2011). The Supreme Court set forth a "formula approach" to determine the rate of interest to which a secured creditor is entitled under § 1325(a)(5)(B)(ii). Till v. SCS Credit Corp., 541 U.S. 465, 478-480 (2004) (plurality opinion). Pursuant to the "formula approach," courts determine the interest rate by starting with the national prime rate and adding a risk adjustment factor. Id. The Court approved risk adjustments of 1% to 3%. Id.

In applying the Supreme Court's decision in Till, this court previously held that a 2% risk factor is reasonable for automobiles given that they are depreciating assets. Dimery, at 4. Following its decision in Dimery, this court finds that 2% remains the appropriate risk adjustment factor for automobiles. As of the date of this opinion, the national prime rate is 3.25%. Accordingly, the interest rate proposed by the Sigmans and Kegleys (collectively "Debtors") must be 5.25%, which is the prime rate of 3.25% plus the risk adjustment factor of 2%.

Debtors argue, however, that because Santander and Community One did not object to the respective Debtors' proposed plans, these secured creditors are deemed to accept the plans and that, absent objections by the secured creditors, pursuant to § 1325(a) the court shall confirm the plans. Debtors cite the Court of Appeals for the Sixth Circuit in Shaw v. Aurgroup Fin. Credit Union, 552 F.3d 447 (6th Cir. 2009) to support their position. Debtors' citation of this case is inaccurate. Debtors quote the holding of Shaw to be that if a secured creditor fails to object to confirmation, the plan does not need to meet the requirements of § 1325(a)(5)(B). The language that the Debtors quote, however, is not the holding of Shaw and is rather a quotation in Shaw from another circuit case.

Shaw actually held that "the provisions in 11 U.S.C. § 1325(a) are mandatory requirements for confirmation of a proposed plan under Chapter 13 of the Bankruptcy Code and that a bankruptcy court has no discretion to confirm a plan which does not comply with those requirements." 552 F.3d at 462. In coming to this conclusion, Shaw cited several cases that also found the requirements of § 1325(a) to be mandatory. Id. at 455-58 (citing, e.g., Till, 541 U.S. at 468; In re Jones, 530 F.3d 1284 (10th Cir. 2008); In re Nichols, 440 F.3d 850, 857 (6th Cir. 2006); In re Barnes, 32 F.3d 405 (9th Cir. 1994)). Following Shaw, this court cannot confirm the plans of the Debtors unless the requirements of § 1325(a) are met. In order to meet the requirements of § 1325(a), the Debtors must propose an interest rate in accordance with Till as

this court has interpreted and applied <u>Till</u>.

Further, the Debtors' briefs essentially ignore the Trustee's objections. Debtors' argument appears to be, but is not directly stated, that if the secured creditors do not object, then the Trustee has no standing to raise this issue. This argument is incorrect. Pursuant to § 1302(b), the chapter 13 trustee shall appear and be heard at the confirmation hearing. Courts have interpreted § 1302(b) to provide standing to the chapter 13 trustee to object to confirmation of the plan if it fails to meet the requirements of § 1325(a)(1). *See, e.g.*, <u>Andrews v. Loheit,</u> 49 F.3d 1404, 1406-07 (9th Cir. 1995) (finding that the trustee can object under § 1325(a)(1) if the plan fails to meet the requirements of § 1325(a)(5)).

Upon considering the Trustee's objections in the instant matters, this court cannot confirm the Debtors' plans because the plans fail to propose to pay interest rates to the secured creditors that comply with the Supreme Court's ruling in <u>Till</u> as applied by this court in <u>Dimery</u>. Accordingly, the Trustee's objections will be sustained and confirmation will be denied.

## CONCLUSION

Based on the foregoing, this court will sustain the Trustee's objections and deny confirmation of the plans by separate order issued concurrently with this opinion.

#     #     #

<u>Service List:</u>

Charles Henry Kegley
Michele Dawn Kegley
10995 Elton Street SW
Navarre, OH 44662

Michael Steven Sigman, Jr
Jennifer Rebecca Sigman
200 3rd St NW
Sugarcreek, OH 44681

Nicole L. Rohr
Thrush & Rohr LLC
4410 22nd Street NW
Canton, OH 44708

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702